UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Christopher C. Morrissey[1]

   v.                                         Civil No. 12-cv-335-SM

Glenn Libby, Superintendent,
Grafton County Department of
Corrections


**O R D E R**

    Christopher Morrissey has filed a complaint (doc. no. 1), pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by strip searches to which he was subject while he was detained pretrial at the Grafton County Department of Corrections ("GCDC").  The matter is before the court for preliminary review to determine, among other things, whether Morrissey has stated any claim upon which relief might be

---

[1] The caption of the case identifies Christopher M. Palermo as a second plaintiff in this action, but Palermo has not signed the complaint.  It appears Morrissey wants to consolidate this case with a case Palermo filed in this court, Palermo v. Libby, No. 11-cv-557-JL, which has been closed.  Similarly, Morrissey has indicated his intention to litigate this matter as a class action.  A pro se plaintiff cannot represent the interest of any individual or class, other than himself or herself, in this court.  See 28 U.S.C. § 1654; United States District Court District of New Hampshire Local Rule ("LR") 83.2(d).  Accordingly, the court construes this matter as brought only by Morrissey, on behalf of himself.

granted.  See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

### Standard for Preliminary Review

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints filed by inmates before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the

court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Discussion

Morrissey alleges that while incarcerated in the punitive segregation unit at the GCDC as a pretrial detainee, he was subjected to three or four strip searches daily. Morrissey states that the strip searches were conducted without any cause, and were intended to cause harm, and to be sadistic, malicious, threatening, and harassing.

Although Morrissey asserts that his Fourteenth Amendment due process rights were violated by the strip searches, his right not to be subjected to unconstitutional strip searches arises under the Fourth Amendment's protection against unreasonable searches and seizures, as applied to the states through the Due Process Clause of the Fourteenth Amendment. See Roberts v. Rhode Island, 239 F.3d 107, 109 (1st Cir. 2001). To determine the constitutionality of a strip search under the Fourth Amendment, the court considers four factors: 1) the scope of the intrusion; 2) the manner in which the search was conducted; 3) the justification for the search; and 4) where the search was conducted. See Bell v. Wolfish, 441 U.S. 520, 559

3

(1979).  This test is applied in light of precedent requiring courts to defer to the expert judgment of correctional officials, and the principle that a regulation impinging on an inmate's constitutional rights must be upheld "if it is reasonably related to legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 89 (1987)); cf. Florence v. Bd. of Chosen Freeholders, 132 S. Ct. 1510, 1518 & 1523 (2012) ("principles announced in Turner and Bell" provide basis for Court's decision upholding policy of subjecting all new detainees to invasive searches prior to their admission to general prison population, even where prison officials lacked reasonable, individualized suspicion as to new detainees arrested for minor offenses).

   As to the first Bell factor, Morrissey does not describe the scope of the search except to call it a "strip search."  The court will presume, therefore, that Morrissey was required to entirely undress for visual inspection by one or more GCDC staff members.  As to the second and fourth factors, Morrissey does not describe the specific manner or place in which the search was conducted, only that it occurred three to four times a day.  Morrissey does not describe where he was searched, who was present during the search, or how the actual searches were conducted.  As to the third factor, Morrissey states, in a

conclusory manner, that the searches were conducted for "no good reason or just cause," but again, is not specific about the circumstances surrounding the searches.  Further, Morrissey does not name any defendant to this action except the GCDC Superintendent Glenn Libby, and does not state the nature or degree of Libby's involvement in the strip search.

Morrissey's general assertion of being strip searched three to four times a day as a detainee, without more, is insufficient to state a violation of his rights.  The court will, however, grant Morrissey leave to amend his complaint, to assert additional facts describing, with specificity, what he alleges actually occurred, and what facts and circumstances rendered the searches unconstitutionally intrusive.  Morrissey must also identify specific defendants to this action, and must state what each defendant to this action did or failed to do that violated Morrissey's rights.

### Conclusion

Morrissey is directed to amend his complaint, within thirty days of the date of this order, as follows:

1.   Morrissey must identify individual defendants to this action.

2.   Morrissey must state, with specificity, what each defendant did or failed to do that violated Morrissey's rights.

5

3. Morrissey must describe the nature of the searches as well as the facts and circumstances under which the searches occurred, as discussed above.

If Morrissey fails to amend his complaint as directed, the court may recommend that the action be dismissed for failing to state a claim.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

December 20, 2012

cc: Christopher C. Morrissey

LBM:jba